UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. _____

SCOTT STANISLAW

        Plaintiff,

v.

KRS GLOBAL BIOTECHNOLOGY, INC.,
CLEVELAND DIABETES CARE, INC.,
CHARLES RICHARDSON, M.D., and
ELSA KERPI,

        Defendants.
_____/

## COMPLAINT

Plaintiff, Scott Stanislaw, by and through undersigned counsel, files this Complaint against Defendants KRS Global Biotechnology, Inc. ("KRS"), Cleveland Diabetes Care, Inc. ("Cleveland"), Charles Richardson, M.D. and Elsa Kerpi (collectively, "Defendants"). This is an action by Plaintiff against his former employers to recover money for wage violations pursuant to the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq*. ("FLSA") and for breach of employment contract.

### Parties, Jurisdiction and Venue

1. Plaintiff is a citizen of the State of Florida and a resident of Palm Beach County, Florida.

2. KRS is a Florida corporation with a principal place of business in Palm Beach County, Florida and conducting business in Palm Beach County, Florida during the relevant period.

3. Cleveland is a Delaware corporation with its principal place of business in Palm Beach County, Florida and conducting business in Palm Beach County, Florida during the relevant period.

4. Charles Richardson, M.D. is the CEO of KRS and the founder and CEO of Cleveland. Upon information and belief, Dr. Richardson is a resident of Palm Beach County, Florida.

5. Elsa Kerpi is the President and COO of both KRS and Cleveland. Upon information and belief, Kerpi is a resident of Palm Beach County, Florida.

6. KRS is a Human Drug Compounding Outsourcing Facility registered and inspected by the United States Food and Drug Administration. KRS provides sterile and non-sterile compounding services to patients, hospitals, surgery centers, and ophthalmology clinics.

7. Cleveland is a biopharmaceutical, gene therapy and medical device company.

8. Cleveland acquired KRS in November 2019 and as a result of the purchase, became its sole owner.

9. Defendants KRS and Cleveland ("Corporate Defendants") are enterprises directly engaged in interstate commerce with employees directly engaged in interstate commerce. During the relevant period, the Corporate Defendants each earned more than $500,000 per year in gross sales.

10. Plaintiff was an employee of Defendants, as the term "employee" is defined by 29 U.S.C. § 203(e).

11. Plaintiff performed work for Defendants in Palm Beach County, Florida.

12. Plaintiff's work for Defendants was actually in or so closely related to the movement of commerce that the FLSA applies to Plaintiff's work for Defendants.

Plaintiff regularly used the mail and telephone for interstate communication, he shipped and received materials moving in interstate commerce and regularly used computers, software programs and other goods and supplies that moved through interstate commerce.

13. As CEO of KRS and the founder and CEO of Cleveland, during the relevant period, Dr. Richardson ran the Corporate Defendants' day-to-day operations, was directly involved in decisions affecting employee compensation and hours worked, controlled the financial decisions of the Corporate Defendants, including payment of employee wages, had supervisory authority over Plaintiff, and was partially or totally responsible for payment of Plaintiff's wages.

14. As President and COO of KRS and Cleveland, during the relevant period, Kerpi ran the Corporate Defendants' day-to-day operations, was directly involved in decisions affecting employee compensation and hours worked, controlled the financial decisions of the Corporate Defendants, including payment of employee wages, had supervisory authority over Plaintiff, and was partially or totally responsible for payment of Plaintiff's wages.

15. At all relevant times, the Defendants were direct employers, joint employers, and co-employers of Plaintiff for purposes of the FLSA as the term is defined by 29 U.S.C. § 203(d).

16. To the extent Cleveland became Plaintiff's "employer" after Plaintiff's employment began, Cleveland is jointly and severally liable for Plaintiff's entire wage claim pursuant to successor liability under the FLSA.

17. Venue is proper pursuant to 28 U.S.C. § 1391(b) because Defendants transact business in this District, the Corporate Defendants maintain a principal place of

business in this District, Defendants employed Plaintiff in this District, the claims arose within this District and, upon information and belief, Defendants Richardson and Kerpi reside in this District.

18. This Court has jurisdiction over Plaintiff's FLSA claims pursuant to 28 U.S.C. § 1331 and 29 U.S.C. § 201 *et seq*. This Court has supplemental jurisdiction over Plaintiff's breach of contract claim pursuant to 28 U.S.C. § 1367.

19. All conditions precedent to bringing this action have been performed, occurred, and/or waived.

## **General Allegations**

20. Plaintiff began working for Defendants in or around April 2009 as a Registered Pharmacist.

21. Defendants classified Plaintiff as both an "independent contractor" and an "employee" during the relevant time period.

22. Defendants paid Plaintiff both 1099 income and W-2 wages during the same time period. Of the compensation Defendants paid to Plaintiff in 2018 and 2019, over 80% was classified as 1099 income.

23. During the relevant period, Defendants required Plaintiff to clock in and out and record his hours worked.

24. During the relevant period, Plaintiff regularly worked over 40 hours per week.

25. During his employment, Defendants did not pay Plaintiff any overtime for hours worked over 40 hours in a workweek.

26. On August 1, 2019, Plaintiff and KRS executed a written Employment Agreement ("Exhibit A").

27. Pursuant to the Employment Agreement, KRS agreed to pay Plaintiff a fixed annual salary to perform services as a Pharmacist, Licensing and Compliance. The Employment Agreement was for a four-year term, beginning on August 1, 2019 and ending on August 2, 2023.

28. The terms of Plaintiff's Employment Agreement, including his annual compensation, could not be modified without Plaintiff's written consent.

29. Plaintiff's Employment Agreement also provided for five weeks of paid time off each year.

30. Beginning in August 2019 and continuing through his termination on February 1, 2021, KRS failed to pay Plaintiff his full contractual salary.

31. From October 28, 2019 through January 10, 2020, Defendants failed to pay Plaintiff any wages or compensation for hours worked or services performed.

32. In 2020, KRS failed to provide Plaintiff with five weeks of contractual paid time off.

33. On January 21, 2021, Plaintiff provided KRS with a written Notice of Default/Breach describing its breaches of the Employment Agreement.

34. KRS failed to cure the breaches and as a result, on February 1, 2021, Plaintiff terminated his Employment Agreement.

35. Plaintiff retained undersigned counsel and agreed to pay a reasonable attorneys' fee for services to pursue his legal rights.

<strong><u>Count I – Minimum Wage Violations</u></strong><br><strong><u>Under the Fair Labor Standards Act</u></strong><br><strong>(Against All Defendants)</strong>

36. Plaintiff re-alleges and incorporates by reference the allegations in paragraphs 1 through 35 of his Complaint as if fully set forth herein.

37. Plaintiff performed work for Defendants from October 28, 2019 through January 10, 2020.

38. Defendants failed to pay Plaintiff any wages from October 28, 2019 through January 10, 2020.

39. Defendants failed to comply with the FLSA's minimum wage requirements from October 28, 2019 through January 10, 2020.

40. Defendants' violations of the FLSA were willful and intentional.

41. Plaintiff is entitled to wages for the period in which Defendants failed to pay him.

42. Plaintiff is entitled to an award of back pay, liquidated damages, interest, and reasonable attorneys' fees and costs for Defendants' FLSA violations.

## Count II – Misclassification/Overtime Violations
## Under the Fair Labor Standards Act
## (Against All Defendants)

43. Plaintiff re-alleges and incorporates by reference the allegations in paragraphs 1 through 35 of his Complaint as if fully set forth herein.

44. During the relevant period, Defendants compensated Plaintiff, in part, as an independent contractor and issued him 1099's.

45. Although Plaintiff was a full-time employee of Defendants, Defendants misclassified him as an independent contractor in violation of the FLSA.

46. Despite regularly working over 40 hours per workweek, Defendants never paid Plaintiff any overtime pay during his entire employment.

47. As a result of Defendants' failure to pay Plaintiff a minimum salary from October 28, 2019 through January 10, 2020, Defendants lost the ability to claim that Plaintiff was exempt from the minimum wage and overtime provisions of the FLSA.

48. Defendants' failure to pay Plaintiff overtime violated the FLSA.

49. Defendants' misclassification of Plaintiff as an independent contractor resulted in damages to Plaintiff in the form of additional tax liability.

50. Plaintiff is entitled to overtime compensation for the relevant period. Plaintiff is also entitled to reimbursement for the additional tax liability he incurred as a result of Defendants' FLSA violations.

51. Defendants' violations of the FLSA were willful and intentional.

52. Plaintiff is entitled to an award of back pay, liquidated damages, interest, and reasonable attorneys' fees and costs for Defendants' FLSA violations.

### Count III – Breach of Contract
### (Against Defendant KRS)

53. Plaintiff re-alleges and incorporates by reference the allegations in paragraphs 1 through 35 of his Complaint as if fully set forth herein.

54. KRS and Plaintiff entered into an Employment Agreement on August 1, 2019 ("Exhibit A"). The Employment Agreement was for a term of four years, beginning on August 1, 2019 and terminating on August 1, 2023.

55. Pursuant to the Employment Agreement, in exchange for Plaintiff providing pharmaceutical licensing and compliance services as an employee of KRS, KRS agreed to pay Plaintiff a fixed annual salary and agreed to provide Plaintiff with five weeks of paid time off each year.

56. Section 5.2 of the Employment Agreement provides that "[i]f Employee's employment is terminated pursuant to Employer's Default in Section 5.1, Employer will be required to pay Employee total compensation through the full term ending August 1, 2023."

57. Section 12.2 of the Employment Agreement provides for an award of attorneys' fees, costs, and expenses to the prevailing party in any litigation of the Employment Agreement

58. Plaintiff performed pharmaceutical licensing and compliance services for KRS from August 1, 2019 through his termination on February 1, 2021 and otherwise fulfilled his obligations under the Employment Agreement.

59. Despite its agreement to pay Plaintiff a fixed annual salary, KRS unilaterally decreased Plaintiff's compensation below the contractual amount beginning in August 2019 and continuing through his termination on February 1, 2021.

60. KRS also failed to pay any compensation to Plaintiff for the period of October 28, 2019 through January 10, 2020 and failed to provide Plaintiff with five weeks of paid time off in 2020.

61. On January 21, 2021, Plaintiff provided written notice to KRS of the breaches of his Employment Agreement in the form of a "Notice of Default/Breach." KRS failed to cure the breaches or respond to the written notice.

62. As a result of KRS' breaches of his Employment Agreement, Plaintiff terminated his Employment Agreement on February 1, 2021.

63. KRS breached the Employment Agreement by: (1) failing to pay any compensation to Plaintiff for services he performed from October 28, 2019 through January 10, 2020; (2) failing to pay Plaintiff his full contractual compensation in 2019 and 2020; and (2) failing to provide Plaintiff with five weeks of paid time off in 2020.

64. As a direct and proximate cause of KRS' breaches of its contractual obligations, Plaintiff has suffered damages.

65. Plaintiff is entitled to an award of damages for KRS' breaches, including his contractual compensation through the end of the term of the Employment Agreement (August 1, 2023), and an award of attorneys' fees, costs and expenses.

WHEREFORE, Plaintiff Scott Stanislaw demands judgment (1) against Defendants for unpaid wages (minimum wages and overtime), liquidated damages, prejudgment interest, and reasonable attorneys' fees and costs; (2) against Defendant KRS for contract damages and reasonable attorneys' fees, costs and expenses related to the litigation of KRS' breaches of the Employment Agreement; and (3) any and all other relief this Court determines to be just and appropriate.

## **Jury Trial**

Plaintiff demands a jury trial with respect to all issues so triable.

Dated: March 5, 2021

Respectfully submitted.

*/s/ Jennifer S. Bullock*
Jennifer S. Bullock (Florida Bar. No. 0866881)
jbullock@bullocklegal.net
Bullock Legal, P.A.
3501 Griffin Road
Fort Lauderdale, Florida 33312
954.860.8222 (Phone)

*Attorney for Plaintiff Scott Stanislaw*