UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO. 9:21-cv-80497-AHS

SCOTT STANISLAW,

    Plaintiff,

v.

KRS GLOBAL BIOTECHNOLGOY, INC.,
CLEVELAND DIABETES CARE, INC.,
CHARLES RICHARDSON, M.D., and
ELSA KERPI,

    Defendants.
_____/

**MOTION TO COMPEL ARBITRATION AND
STAY CASE PENDING RESOLUTION OF SAME**

Defendant, KRS Global Biotechnology, Inc. ("***Defendant***"), by and through the undersigned counsel, hereby moves to compel arbitration pursuant to 9 U.S.C. §§ 1, et seq., and in support thereof states:

1. The Plaintiff is suing KRS Global Biotechnologies, Inc., among other defendants, for alleged violations of the Fair Labor Standards Act. The underlying gravamen of Plaintiff's claim is that the Defendants failed to pay him pursuant to the Employment Agreement attached to the Complaint as Exhibit A, and by failing to pay him, according to Plaintiff, violates the Fair Labor Standards Act.

2. In addition to the fact that the Contract, on its face, shows that the Plaintiff does not have a claim upon which relief can be granted; because the Plaintiff is a professional with significant supervisory duties and was to be paid in excess of $100,000 per year, the Contract also contains an arbitration provision. Specifically, the arbitration provision provides:

> 10. Arbitration. Any dispute or controversy arising under or in connection with this Agreement shall be settled exclusively by arbitration in the State of Florida, in accordance with the rules of the American Arbitration Association then in effect. Judgment may be entered on the arbitrator's award in any court having jurisdiction; provided, however, that you shall be entitled to seek specific performance of your right to be paid until the Date of Termination during the pendency of any dispute or controversy arising under or in connection with this Agreement.

3. Since, by the Plaintiff's own admission, the Contract at issue has been terminated, the Plaintiff is required to litigate this dispute through arbitration.

4. Pursuant to the Federal Arbitration Act, 9 U.S.C. §§ 1 *et seq.*, "a district court must grant a motion to compel arbitration if it is satisfied that the parties actually agreed to arbitrate the dispute." *John B. Goodman Ltd. P'ship v. THF Const., Inc.*, 321 F.3d 1094, 1095 (11th Cir. 2003). An arbitration provision should be enforced where possible. *Musnick v. King Motor Co.,* 325 F.3d 1255, 1258 (11th Cir. 2003)

5. Because this dispute is clearly covered by the Arbitration provisions of the Contract, the Court must compel the parties to participate in binding arbitration of this dispute. [ECF No. 1 ¶ 34] ("Plaintiff terminated his Employment Agreement.").

6. In addition, and because the continuation of litigation in this instance would deprive Defendant of its contractual right to arbitrate, even if allowed to continue against the other Defendants, Defendant requests that the Court stay all proceedings pending resolution of the foregoing motion, and the arbitration between the parties, should it occur. *Blinco v. Green Tree Servicing, LLC*, 366 F.3d 1249, 1253 (11th Cir. 2004) (noting that "[w]hen a litigant files a motion to stay litigation in the district court pending an appeal from the denial of a motion to compel arbitration, the district court should stay the litigation so long as the appeal is non-frivolous."); *see also Smith v. Davison Design & Dev., Inc.*, 3:13-CV-1194-J-32JBT, 2013 WL

12155489, at *1 (M.D. Fla. Dec. 18, 2013) (staying all deadlines pending resolution of motion to compel arbitration).

WHEREFORE, Defendant, KRS Biotechnology Inc., respectfully requests that the Court enter an Order: (i) Granting the Motion; (ii) Compelling Arbitration; (iii) Staying all deadlines pending resolution of the Motion to Compel Arbitration, and the arbitration proceedings, if commenced; and (iv) Granting such further relief as the Court deems just and proper.

Respectfully submitted,

**MILLENNIAL LAW, INC.**
*Attorneys for KRS Global Biotechnology, Inc.*
501 E. Las Olas Blvd Ste 200/308
Fort Lauderdale Fl 33301
Phone: 954-271-2719

By: *s/ Zachary P. Hyman*
       Zachary P. Hyman
       Florida Bar No.  98581
       zach@millenniallaw.com
       millenniallawforms@gmail.com
       jessica@millenniallaw.com

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on this **3rd** day of May, 2021, the foregoing was filed using the Court's CM/ECF system which sent notice of electronic filing to the parties listed in the attached Service List.

By: *s/ Zachary P. Hyman*
       Zachary P. Hyman

**SERVICE LIST**

| | |
|---|---|
| Jennifer Saltz Bullock, Esq.<br>Bullock Legal, P.A.<br>3501 Griffin Road<br>Fort Lauderdale, FL 33312<br>954-860-8222<br>Fax: 954-859-5312<br>Email: jbullock@bullocklegal.net<br>*Attorneys for Plaintiff* | Eric Scott Golden, Esq.<br>Burr & Forman LLP<br>200 S. Orange Avenue, Suite 800<br>Orlando, FL 32801<br>407-540-6600<br>Fax: 407-540-6601<br>Email: egolden@burr.com<br>*Former Attorneys for KRS Global Biotechnology, Inc.* |
| Victor Stephen Cohen, Esq.<br>Bajo, Cuva, Cohen, & Turkel, P.A.<br>100 N. Tampa St., Suite 1900<br>Tampa, FL 33602<br>(813) 443-2199<br>Email: scohen@bajocuva.com<br>*Attorneys for Cleveland Diabetes Care, Inc. and Charles Richardson* | llen Marcie Leibovitch, Esq.<br>Assouline & Berlow, P.A.<br>2300 Glades Road, East Tower, Suite 135<br>Boca Raton, FL 33431<br>(561) 361-6566<br>Fax: (561) 361-6466<br>Email: eml@assoulineberlowe.com<br><br>Eric Nissim Assouline<br>Assouline & Berlowe<br>213 E Sheridan Street, Suite 3<br>Dania Beach, FL 33004<br>954-929-1899<br>Fax: 922-6662<br>Email: ena@assoulineberlowe.com<br><br><br>Giancarlo Cellini, Esq.<br>Assouline & Berlowe, P.A.<br>Miami Tower<br>100 SE 2nd St., Suite 3105<br>Miami, FL 33131<br>305-567-5576<br>Email: grc@assoulineberlowe.com<br><br>*Attorneys for Elsa Kerpi* |

By: *s/ Zachary P. Hyman*
     Zachary P. Hyman