## SETTLEMENT AGREEMENT AND GENERAL RELEASE

This Settlement Agreement and General Release ("Agreement") is entered by and between Scott Stanislaw ("Stanislaw"), on behalf of himself, his agents, attorneys, representatives, successors and assigns ("Stanislaw"), Elsa Kerpi, on behalf of herself, her agents, attorneys, representatives, successors and assigns ("Kerpi"), Charles Richardson, on behalf of himself, his agents, attorneys, representatives, successors and assigns ("Richardson"), and Cleveland Diabetes Care, Inc., and all of its subsidiaries, affiliates, shareholders, parent corporations, partners, members, related entities, predecessors, successors, assigns, trustees, officers, directors, employees, agents, insurers, attorneys, servants, joint ventures and affiliated owners ("Cleveland"). For purposes of this Agreement, KRS Global Biotechnology, Inc. ("KRS") is expressly excluded from the definition of "Cleveland" irrespective of whether it is a subsidiary, affiliate or related entity of Cleveland Diabetes Care, Inc. Hereinafter, Kerpi, Richardson, and Cleveland shall be referred to collectively as the "Non-KRS Defendants."

WHEREAS, on March 5, 2021, Stanislaw filed a civil lawsuit claiming that KRS Global Biotechnology, Inc. ("KRS"), and the Non-KRS Defendants owed Stanislaw overtime under the Fair Labor Standards Act (the "FLSA"), *i.e., Scott Stanislaw v. KRS Global Biotechnology, Inc., Cleveland Diabetes Care, Inc., Charles Richardson, M.D., and Elsa Kerpi*, Case No. 9:21-CV-80497, which is currently pending in the Southern District of Florida (the "Lawsuit"); and

WHEREAS, the Non-KRS Defendants deny any liability to Stanislaw for the claims raised in the Lawsuit; and

WHEREAS, the Stanislaw and the Non-KRS Defendants (the "Parties") now desire to avoid further litigation and the costs and time associated with the Lawsuit and intend to resolve all matters raised, threatened or which Stanislaw could have made against the Non-KRS Defendants in the Lawsuit or otherwise.

NOW, THEREFORE, in consideration of the mutual promises set out below, the sufficiency of which is hereby acknowledged, Stanislaw and the Non-KRS Defendants agree as follows:

1. **Consideration**

In consideration for the promises and undertakings in this Agreement, the Non-KRS Defendants shall pay Stanislaw and his attorneys the gross amount of **$5,000.00** for all claims, inclusive of damages, attorneys' fees and/or costs as set forth below, within ten (10) business days after Court approval of this Agreement and dismissal with prejudice of the Lawsuit as to the Non-KRS Defendants.

   a. The $5,000.00 will be paid as follows:

      i. A total of $1,500.00 for back wages to Stanislaw, less taxes and withholdings, for which a W-2 will be issued;

1

*[Signatures: Stanislaw, Kerpi, Richardson, Cleveland]*

      ii.    A total of $1,500 to RX Consulting, LLC, for which a 1099 will be issued;

      iii.    A check in the gross amount of $2,000.00 payable to "Bullock Legal P.A." for attorneys' fees and costs incurred in representing Stanislaw, for which a 1099 will be issued; and

      iv.    All of the foregoing payments shall be delivered to Jennifer Bullock of Bullock Legal, P.A., at 3501 Griffin Road, Fort Lauderdale, FL 33312.

b.    Stanislaw represents, warrants, and acknowledges that the Non-KRS Defendants do not owe him any wages, commissions, bonuses, vacation pay, or other compensation or payments of any kind or nature, other than as set forth in paragraphs 1(a)(i) and 1(a)(ii) of this Agreement. Stanislaw further agrees and understands that the amounts paid by the Non-KRS Defendants pursuant to this Agreement are being paid strictly and solely for purposes of settlement of the Lawsuit.

c.    Stanislaw agrees and acknowledges that the Non-KRS Defendants are paying full and complete all sums and wages owed to Stanislaw as well as liquidated damages. Stanislaw agrees and acknowledges that the he has not compromised or diminished these claims in any way. Stanislaw and the Non-KRS Defendants agree that the gross sum includes separate consideration that constitutes good, valid and sufficient consideration for this Agreement. Stanislaw acknowledges that, upon receipt of the payment described above, Stanislaw has been properly and fully paid for any claims Stanislaw may have against the Non-KRS Defendants.

2.    **Dismissal Of Lawsuit**

Within one (1) week from the complete execution of this Agreement, counsel for Stanislaw will file a stipulation for dismissal with prejudice of the Lawsuit as to the Non-KRS Defendants.

3.    **Release and Covenant Not to Sue**

In consideration of the promises made herein and upon full payment of sums in paragraph 1(a) of this Agreement, Stanislaw releases and forever discharges the Non-KRS Defendants from:

(a)    all claims threatened, raised or which could have been raised against the Non-KRS Defendants in the Lawsuit;

(b)    all claims, actions, causes of action, demands, damages, including but not limited to compensatory, liquidated, and punitive, costs, attorneys' fees, loss of wages and benefits, loss of earning capacity, mental anguish, pain and suffering, or other relief permitted to be sought or recovered on, related to, or in any way growing out of Stanislaw's employment with or separation of employment by the Non-KRS Defendants;

2

Stanislaw
Kerpi
Richardson
Cleveland

(c) all claims based on occurrences through the date of his execution of this Agreement arising under Title VII of the Civil Rights Act of 1964, as amended, the Age Discrimination in Employment Act of 1967, as amended, the National Labor Relations Act, as amended, the Equal Pay Act of 1963, the Fair Labor Standards Act, as amended, the Americans with Disabilities Act of 1990, the Rehabilitation Act of 1973, as amended, the Family and Medical Leave Act, 42 U.S.C. § 1981, the Employee Retirement Income Security Act, as amended, the Vietnam Era Veterans' Readjustment Assistance Act of 1974, the Occupational Safety and Health Act, the Immigration Reform and Control Act of 1986, the Older Workers' Benefit Protection Act, and the Florida Civil Rights Act, all as the same may have been amended from time to time, and any other Federal or State statute, order, or regulation, and any municipal ordinance;

(d) all claims arising under common law, including but not limited to breach of contract (express or implied), intentional interference with contract, intentional infliction of emotional distress, negligence, defamation, violation of public policy, wrongful or retaliatory discharge, tortious interference with contract, and promissory estoppel, on account of, or any inquiry related to or in any way growing out of, Stanislaw's employment with or separation of employment by the Non-KRS Defendants, or otherwise; and

(e) any and all damages, complaints, claims, charges, actions and causes of action of any kind or nature that Stanislaw once had or now has, whether arising out of his employment, or otherwise, and whether such claims are now known or unknown to him, from the beginning of the world to the date of these presents. Excepted from this release is any claim or right which cannot be waived by law, including unemployment compensation claims. **Such is a general release from Stanislaw to the Non-KRS Defendants.** The Non-KRS Defendants acknowledge and agree that: (i) this release expressly excludes any release of claims by Stanislaw against KRS and (ii) any pending and/or future claims by Stanislaw against KRS are not impacted in any way by this general release.

In exchange for Stanislaw entering into this Agreement and for the other consideration herein, the Non-KRS Defendants release Stanislaw from any and all damages, complaints, claims, charges, actions and causes of action of any kind or nature that the Non-KRS Defendants once had or now have, whether arising out of Stanislaw's employment, or otherwise, and whether such claims are now known or unknown to the Non-KRS Defendants from the beginning of the world to the date of these presents. **Such is a general release from the Non-KRS Defendants to Stanislaw.**

4. **No Other Pending Suits**

Stanislaw represents and affirms that he has no suits, claims, charges, complaints or demands of any kind whatsoever currently pending against the Non-KRS Defendants with any local, state, or federal court or any governmental, administrative, investigative, civil rights or other agency or board and that he knows of no other person with any suits, claims, charges, complaints or demands of any

3

*Stanislaw*
*EK* Kerpi
*Richardson*
*Cleveland*

kind whatsoever currently pending against the Non-KRS Defendants with any local, state, or federal court or any governmental, administrative, investigative, civil rights or other agency or board and that he knows of no other person with any suits, claims, charges, complaints or demands of any kind whatsoever currently pending against the Non-KRS Defendants with any local, state, or federal court or any governmental, administrative, investigative, civil rights or other agency or board.

5. **Mutual Non-Disparagement**

Stanislaw agrees that he will not, in any manner whatsoever, denigrate, disparage, or otherwise convey or cause to be conveyed an unfavorable impression of any of the Non-KRS Defendants to a third party or parties. Each of the Non-KRS Defendants agree that they will not, in any manner whatsoever, denigrate, disparage, or otherwise convey or cause to be conveyed an unfavorable impression of Stanislaw to a third party or parties.

6. **Non-Admission**

Stanislaw and the Non-KRS Defendants agree that this Agreement does not constitute, is not intended to be, and should not be construed, interpreted, or treated in any respect as an admission of any liability or wrongdoing by the Non-KRS Defendants. The Non-KRS Defendants specifically disclaim any liability.

7. **Entire Agreement**

This Agreement shall be construed and enforced in accordance with the laws of the State of Florida. Stanislaw and the Non-KRS Defendants further agree that this Agreement sets forth the entire agreement between the parties and supersedes any written or oral understanding, promise, or agreement directly or indirectly related to, which is not referred to and incorporated in this Agreement. No other promises or agreements shall be binding unless made in writing and signed by both Stanislaw and the Non-KRS Defendants.

8. **Attorneys' Fees**

In the event that this is any litigation arising out of or relating to this Agreement, the prevailing party shall recover, in addition to any other relief, reasonable attorneys' fees, expenses and court costs, incurred at trial and through all appellate levels.

9. **Full Knowledge, Consent, And Voluntary Signing**

Stanislaw agrees that he is entering into this Agreement knowingly, voluntarily, and with full knowledge of its significance; he has not been coerced, threatened or intimidated into signing this Agreement; and he has been advised to consult with an attorney, and in fact has consulted with his attorney, Bullock Legal, P.A., prior to executing this Agreement.

*Stanislaw*
*Kerpi*
*Richardson*
*Cleveland*

10. **Tax Consequences**

Stanislaw specifically warrants, represents, and agrees to be solely responsible for any tax liability under any applicable federal, state, or other laws in connection with the payments made under Paragraph 1(a) of this Agreement, and that he has conferred with counsel concerning tax issues arising from any payment received in accordance with this Agreement. Stanislaw assumes any and all tax consequences arising from any payment made in accordance with the terms of this Agreement and agrees to indemnify the Non-KRS Defendants for any liability arising from any payment received in accordance with this Agreement. Any change, modification, or alteration in tax rulings, regulations, or laws dealing with the taxability of said payments as those provided for herein shall have no effect upon this Agreement of all claims that is full and final upon execution and performance.

11. **Severability**

To the extent that a court of competent jurisdiction holds that any portion of this Agreement is invalid or legally unenforceable, the Parties agree that the remaining portions shall not be affected and shall be given full force and effect.

12. **Interpretation**

The language of all parts of this Agreement shall in all cases be construed as a whole, according to its fair meaning, and not strictly for or against any of the Parties. This Agreement has been negotiated by and between attorneys for the Parties and shall not be construed against the "drafter" of the Agreement. If any portion or provision of this Agreement is legally determined to be unenforceable, the remainder of this Agreement shall not be affected by such determination and shall be valid and enforceable as permitted by law, and any unenforceable portion or provision shall be deemed not to be a part of this Agreement.

**THE FOREGOING TERMS ARE AGREED TO AND ACCEPTED BY:**

_[Signature]_
SCOTT STANISLAW
Date: 05/26/2021

CLEVELAND DIABETES CARE INC.
By: _[Signature]_
Title: CEO   5/21/2021
Date: _____

_[Signature]_
ELSA KERPI
Date: 5/21/2021

_[Signature]_
CHARLES RICHARDSON
Date: CEO   5/21/2021

_Stanislaw_
_Kerpi_
_Richardson_
_Cleveland_