UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 21-80497-CIV-SINGHAL/MATTHEWMAN

SCOTT STANISLAW,

    Plaintiff,

v.

KRS GLOBAL BIOTECHNOLOGY, INC.,
CLEVELAND DIABETES CARE, INC.,
CHARLES RICHARDSON, and
ELSA KERPI,

    Defendants.
_____/

## ORDER ON MOTION TO COMPEL ARBITRATION

**THIS CAUSE** is before the Court on Defendant KRS Global Biotechnology, Inc.'s Motion to Compel Arbitration and Stay Case Pending Resolution of Same (DE [32]). Plaintiff has filed a Response (DE [38]). For the reasons discussed below, the Court grants KRS's Motion.

Plaintiff and Defendant KRS entered into an Employment Agreement with an Employment/Change of Control Addendum that contains an arbitration provision:

> 10. Arbitration. Any dispute or controversy arising under or in connection with this Agreement shall be settled exclusively by arbitration in the State of Florida, in accordance with the rules of the American Arbitration Association then in effect. Judgment may be entered on the arbitrator's award in any court having jurisdiction; provided, however, that you shall be entitled to seek specific performance of your right to be paid until the Date of Termination during the pendency of any dispute or controversy arising under or in connection with this Agreement.

Ex. A to Compl. (DE [1-1], at 16).

Plaintiff alleges in his Complaint that, while working for KRS, KRS violated the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq.*, and breached the parties' Employment Agreement by failing to pay Plaintiff minimum wage, misclassifying him as an independent contractor, failing to pay him overtime wages, and failing to provide him with his contractual compensation and paid time off. *See generally* Compl. (DE [1]). Plaintiff alleges that he ultimately terminated his Employment Agreement as a result of KRS's violations. *Id.* ¶ 34.

KRS asserts in its Motion to Compel that all Plaintiff's claims against KRS should be submitted to arbitration as agreed to by the parties in the Employment Agreement and that the case should be stayed pending the arbitration. Plaintiff agrees that the Court should grant KRS's Motion to Compel because the parties agreed to arbitrate. Under the Federal Arbitration Act, "a district court must grant a motion to compel arbitration if it is satisfied that the parties actually agreed to arbitrate the dispute." *John B. Goodman Ltd. P'ship v. THF Constr., Inc.*, 321 F.3d 1094, 1095 (11th Cir. 2003) (citing 9 U.S.C. § 3; *Bess v. Check Express*, 294 F.3d 1298, 1304 (11th Cir. 2002)).

Here, both parties admit that they agreed to arbitrate this employment dispute, and the Court agrees based on the language of the contract. Thus, Plaintiff's claims against KRS shall be submitted to arbitration in accordance with the American Arbitration Association's Employment Arbitration Rules. *See, e.g.*, *Yakovee v. Miami Heat Ltd. P'ship*, 2020 WL 9256557, at *1, *3 (S.D. Fla. Apr. 30, 2020) (ruling that, where parties' employment contract provided that the AAA's "appropriate rules of procedure" applied but did not specify which rules, the AAA Employment Arbitration Rules governed the

employment dispute).  Additionally, Plaintiff's claims against KRS are stayed pending arbitration.[1]  Accordingly, it is hereby

**ORDERED AND ADJUDGED** that KRS's Motion to Compel Arbitration and Stay Case Pending Resolution of Same (DE [32]) is **GRANTED**.  Plaintiff's claims against Defendant KRS shall be submitted to arbitration, and those claims are hereby **STAYED** pending arbitration.  Within **7 days** of the conclusion of arbitration proceedings, Plaintiff and KRS shall file a Joint Status Report advising the Court of the status of Plaintiff's claims against KRS.

**DONE AND ORDERED** in Chambers, Fort Lauderdale, Florida, this 28th day of May 2021.

_____
RAAG SINGHAL
UNITED STATES DISTRICT JUDGE

Copies furnished to counsel via CM/ECF

---

[1] The Court notes that Plaintiff and the remaining Defendants have already reached a settlement that is awaiting this Court's approval.  *See* (DE [41]).